I concur in the majority's analysis and disposition of appellant's Assignments of Error #s 1 and 2. As to appellant's Assignment of Error #3, the majority finds "Four of the five incidents [of alleged ineffectiveness of counsel] involve failure to object to the admission of the evidence of appellant's alleged extramarital affair." (Majority Opinion at 5). Upon review, I find only two of the five incidents involve such evidence. As to those two, I agree with the majority they are insufficient to support a claim of ineffective counsel for the reasons stated in the majority's discussion of Assignment of Error #1. As to appellant's claim of ineffectiveness of counsel for not introducing evidence of many past incidents of abuse by Mr. Tavella against appellant and for not introducing evidence of Mr. Tavella's extramarital affairs, I find the record insufficient to identify what the evidence would have been, let alone demonstrate prejudice sufficient to establish a reasonable probability the outcome of the trial would have different had it been admitted. Appellant attempts to proffer this evidence by means of her Supplemental Affidavit, filed long after the final judgment of conviction and sentence was entered in this case. Such Supplemental Affidavit cannot be used in support of this claim as it is not properly a part of the record before this Court. Accordingly, I would overrule these two prongs of appellant's Assignment of Error #3. The first prong of appellant's ineffective assistance of counsel claim involves the failure of counsel to "properly object to vague references by the complainant to the alleged `past' of appellant's companion" and failure "to call as a witness to corroborate appellant's testimony to past abuse by Mr. Tavella." (Appellant's Brief at 16). The majority does not address appellant's argument regarding the attack on Mr. Spratt's past "[b]ecause we lack a complete transcript of the proceedings, we are unable completely to review the alleged deficiencies of which appellant complains." (Majority Opinion at 5). I disagree. Appellant complied with App. R. 9(A) by attaching to her brief the transcribed portion of the videotape demonstrating the alleged error. Contrary to appellant's argument, I find appellant's counsel did properly object to the testimony. Accordingly, I would overrule this portion of appellant's Assignment of Error #3 on the merits. Finally, as to appellant's second part of her Assignment of Error #3 regarding counsel's alleged failure to offer corroborating evidence of Mr. Tavella's past abuse of appellant, the majority finds such may have been a sound strategic decision. When self-defense is asserted, I cannot see how failure to offer evidence of past abuse of appellant by the victim could be considered a sound strategic decision. Although the jury heard evidence appellant had called the police in the past during arguments with Mr. Tavella, such evidence stops far short of, and is of far less persuasive value than, the evidence of past abuse by Mr. Tavella against appellant as referenced in her brief. However, appellant's references to evidence of past abuse are contained in appellant's Supplemental Affidavit which, as explained supra, is outside of the appellate record. It is for that reason, and not the failure of appellant to order the videotape proceeding transcribed, I would overrule this portion of appellant's Assignment of Error #3.